UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
BALTIMORE DIVISION

---

MILITARY ORDER OF THE PURPLE
HEART SERVICE FOUNDATION, INC.,

7008 Little River Turnpike #1 P.O. Box 49,
Annandale, Virginia 22003

        Plaintiff,

   v.                              Case No. _____

OTHERS FIRST, INC.,

21501 W. Eight Mile Road, Detroit, Michigan
48219

        Defendant.

---

## COMPLAINT

---

The Plaintiff, Military Order of the Purple Heart Service Foundation, Inc., by its

undersigned attorneys, for its Complaint and Jury Demand against Defendant, Others First, Inc.,

alleges as follows:

### THE PARTIES

1.     Plaintiff Military Order of the Purple Heart Service Foundation, Inc. ("Service

Foundation") is a Wisconsin corporation doing business at 7008 Little River Turnpike #1 P.O.

Box 49, Annandale, Virginia 22003.

2.     Defendant Others First, Inc. is a Michigan non-profit corporation doing business

at 21501 W. Eight Mile Road, Detroit, Michigan 48219.

1

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and

1338.

4.      This Court has supplemental jurisdiction over all state law claims under 28 U.S.C.

§ 1367(a).

5.      This Court has personal jurisdiction over Defendant as Defendant offers services

throughout the United States, including in this District.  Among other things, Defendant operates

an interactive web site accessible in this District.  On information and belief, Defendant has

offered services to consumers in this District.

6.      Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial

part of the events giving rise to this claim arose in the District of Maryland and a substantial

amount of the property that is the subject of this action is situated in the District of Maryland.

## STATEMENT OF FACTS

7.      Chartered in 1957, the Service Foundation is the exclusive national fundraiser for

the Military Order of the Purple Heart Of The United States of America, Incorporated ("Military

Order").  The Military Order is a Congressionally chartered membership organization of Purple

Heart medal recipients, formed in 1932 for the protection and mutual interest of recipients of the

Purple Heart decoration.  Composed exclusively of Purple Heart medal recipients, it is the only

U.S. veterans service organization comprised strictly of "combat" veterans.

8.      The Military Order is a 501(c)(19) veteran's organization.  Due to this

designation, the Military Order cannot solicit funds from non-members.  The Service Foundation

was therefore created to conduct fundraising efforts for the Military Order.  Aside from the

Military Order's ability to solicit funds from its members, the Foundation has the exclusive right to conduct fundraising efforts for the Military Order under the PURPLE HEART mark.

9.      Among other things, the Service Foundation's purpose and objectives include raising funds for service, welfare, and rehabilitation work in connection with the members of the Military Order and all veterans and their dependents, as well as maintaining and developing separate and independent programs for the benefit of veterans and their dependents.  The Service Foundation also contributes funds to other unrelated veteran-related organizations and programs as well as independently assisting in providing such services.

10.     The Service Foundation collects these funds through community outreach, the collection of used household items, the operation of thrift stores, the donation of automobiles and, at the community level, from the annual distribution of its official flower, the Purple Heart Viola.

11.     The Service Foundation is the owner of United States Registration No. 4,015,788 (a copy of which is attached as Exhibit A) for the PURPLE HEART mark, for charitable fundraising services, which registration is valid, subsisting, and in full force and effect.  The PURPLE HEART mark and was first used by the Service Foundation in 1991has been continuously used since then in connection with charitable fundraising and to advertise and promote the Service Foundation's fundraising efforts and veterans services.  Attached as Exhibit B are examples of the Service Foundation's use of the PURPLE HEART mark.

12.     The PURPLE HEART mark represents and symbolizes the reputation and valuable goodwill of the Service Foundation and is recognized by consumers throughout the

United States as designating the Service Foundation as the exclusive source of the Military

Order's fundraising activities, as well as the source of the Military Order's veterans' services

13.     One of the Service Foundation's fundraising activities is the PURPLE HEART

car donation program.  The Service Foundation promotes and advertises its car donation

program, including through its website www.purpleheartcar.org.

14.     On information and belief, Defendant puts itself forward as a charitable

organization, but the legitimacy of that claim has been questioned and remains in doubt (see

Better Business Bureau article attached as Exhibit C).  In association with its purported

charitable activities, Defendant has used and continues to use the PURPLE HEART mark to

advertise its own car donation program on its website www.carshelpingveterans.org and in the

website metadata associated therewith.  Attached as Exhibit D is an example of the Defendant's

use of the PURPLE HEART mark.

15.     The Service Foundation, through its attorneys, wrote and later contacted

Defendant demanding that it immediately cease and desist its use of the PURPLE HEART mark.

Defendant refuses to cease its infringement of the Service Foundation's PURPLE HEART mark.

16.     The Service Foundation never authorized, licensed or otherwise condoned the

Defendant's use of the PURPLE HEART mark or Defendant's affiliation with the Service

Foundation.

17.     Defendant's unauthorized use of the Service Foundation's PURPLE HEART

mark has misled individuals into believing that their donations of cars to Defendant's car

donation program is a donation to the Service Foundation's car donation program.

18.     Defendant's unauthorized use and misappropriation of the Service Foundation's PURPLE HEART mark has caused actual confusion and misunderstanding as to the source, sponsorship, approval, or certification of Defendant's car donation program.

19.     Defendant's unauthorized use and misappropriation of the Service Foundation's PURPLE HEART mark is likely to cause further confusion, mistake or deception with respect to the relationship between the Service Foundation and Defendant.

20.     Upon information and belief, Defendant used the PURPLE HEART mark with the full knowledge of the Service Foundation's long prior use and ownership thereof.

**COUNT ONE**
**TRADEMARK INFRINGEMENT**
**UNDER SECTION 32(a) OF THE LANHAM ACT; 15 U.S.C. § 1114(a)**

21.     The Service Foundation realleges and incorporate by reference as if fully set forth herein the allegations contained in paragraphs 1 through 20.

22.     Defendant's unsanctioned use in commerce of the Service Foundation's PURPLE HEART mark in connection with its purported charitable fundraising activities is likely to cause further confusion or mistake, or to deceive the consuming public as to the affiliation of the purported charitable fundraising activities of the Defendant.  Consumers are likely to mistakenly believe that the Defendant's car donation program emanates from, is sponsored, authorized, or approved by, or is in some other way associated with the Service Foundation.

23.     Defendant's infringement of the PURPLE HEART mark is willful and deliberate, and undertaken for the purpose of misleading and confusing consumers.

24.     By reason of the acts complained of herein, the Defendant has made and will continue to enjoy revenue to which it is not in equity or in good conscience entitled.

5

25.     By reason of the acts complained of herein, the Service Foundation is being irreparably harmed and is entitled to an injunction restraining Defendant, its officers, agents and employees, and all persons acting in concert with them, from use of the PURPLE HEART mark. The Service Foundation is further entitled to recover from Defendant treble the damages it has sustained and will sustain as a result of Defendant's wrongful acts, Defendant's gains obtained as a result of Defendant's wrongful acts, and its costs and attorneys' fees pursuant to 15 U.S.C. § 1117.

26.     If Defendant's acts are allowed to continue, the Service Foundation will continue to suffer irreparable injury to its goodwill and business reputation for which it has no adequate remedy at law.

**COUNT TWO**
**UNFAIR COMPETITION/DECEPTIVE TRADE PRACTICES**
**UNDER SECTION 43(a) OF THE LANHAM ACT; 15 U.S.C. § 1125(a)**

27.     The Service Foundation realleges and incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 26.

28.     Defendant's website contains statements made in connection with its use of the PURPLE HEART mark regarding fundraising and veterans' services.

29.     The Defendant's statements found on its website are false, misleading and deceptive and are likely to cause confusion or mistake among those receiving the statements, including donors, prospective donors and volunteers, or to deceive said persons as to the affiliation, connection, or association of Defendant with the Service Foundation.

QB\16305784.4

30.     As a result of the Defendant's use of the PURPLE HEART mark, the Service Foundation has suffered and continues to suffer damage and irreparable harm for which it has no adequate remedy at law.

**COUNT THREE**
**COMMON LAW UNFAIR COMPETITION**

31.     The Service Foundation realleges and incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 27.

32.     The Service Foundation has continuously and extensively used the PURPLE HEART mark throughout the United States in connection with services provided to the Military Order's veterans and their families.

33.     The PURPLE HEART mark is recognized by consumers throughout the United States as designating the Service Foundation as the source of the Military Order's veterans' services and fundraising efforts.

34.     Defendant's adoption of the PURPLE HEART mark creates a likelihood or probability of confusion among consumers.

35.     Defendant intended to deceive the public as to its affiliation with the Service Foundation.

36.     Unless the Court enjoins the Defendant from continuing such deceptive acts, the Service Foundation will suffer irreparable harm for it has have no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, the Service Foundation prays that this Court:

1.     Declare that Defendant has infringed the Service Foundation's rights in and to its PURPLE HEART mark;

2.      Permanently enjoin Defendant, its officers, agents, employees and all other persons acting in concert or in privity with Defendant, from: (i) using the PURPLE HEART mark for any fundraising activities or any marks confusingly similar thereto, or in any other way infringing the Service Foundation's rights in and to the PURPLE HEART mark; (ii) any action likely to create the belief that Defendant's services emanate from, or are licensed, sponsored, authorized or approved by, or are in some other way associated with the Service Foundation; and (iii) from otherwise unfairly competing with the Service Foundation;

3.      Order that all promotional materials, advertisements, and other materials in the possession or control of Defendant, which might, if used, violate the injunction herein requested, be delivered to the Service Foundation for destruction;

4.      Award the Service Foundation its actual damages and Defendant's revenue, with such monetary award trebled;

5.      Award the Service Foundation interest, cost, and its reasonable attorneys' fees; and

6.      Award the Service Foundation such other and further relief as this Court deems just and proper.

## JURY DEMAND

The Service Foundation hereby demands trial by jury for all issues so triable.

Respectfully submitted,

Dated: May 16, 2012          By:  /s/ Richard I. Kovelant
                             Richard I. Kovelant (Bar No. 197212010137)
                             rick@kovelantlaw.com
                             KOVELANT & KOVELANT, LLC
                             1957 Valley Rd.
                             Annapolis, Maryland 21401
                             (410) 897-0747

                             Nicole M. Murray (*pro hac vice* to be submitted)
                             nicole.murray@quarles.com
                             John E. Conour (*pro hac vice* to be submitted)
                             john.conour@quarles.com
                             QUARLES & BRADY LLP
                             300 North LaSalle Street, Suite 4000
                             Chicago, Illinois 60654
                             (312) 715-5000

                             Attorneys for Plaintiff

9